UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH WELLS, )<br>)<br>Plaintiff )<br>)<br>VS. )<br>)<br>HALLMARK HEALTH SERVICES INC., )<br>)<br>Defendant ) | RECEIPT # 53370<br>AMOUNT $ 150 —<br>SUMMONS ISSUED<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE 1-23-04<br><br>CIVIL ACTION NO:<br><br>04-10164 MEL<br><br>MAGISTRATE JUDGE Dein |

## PLAINTIFF'S COMPLAINT

### JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies, pursuant to § 107(a) of the Americans with Disabilities Act (hereinafter referred to as the "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

3. A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") within 180 days of the commission of the unlawful employment practices alleged herein.

4. A Notification of Right to Sue was issued and mailed by the EEOC on or about November 1, 2003.

5. This complaint has been filed within 90 days of the plaintiff's receipt of the EEOC's Notification of Right to Sue.

6. The plaintiff, Deborah Wells, is a citizen of the United States and the State of New Hampshire who resides at 140 Millville Street, Salem, New Hampshire.

7. All of the discriminatory employment practices alleged herein were committed within the Commonwealth of Massachusetts.

8. The defendant, Hallmark Health Services Inc., is a corporation with its office and principal place of business at 585 Lebanon Street, Melrose, Massachusetts.

9. The defendant is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

10. The defendant is engaged in an industry that affects commerce within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

11. The defendant employs 15 or more employees and is an "employer" within the meaning of § 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## STATEMENT OF FACTS

12. On July 20, 2000, the plaintiff was hired by the defendant and worked for the defendant continuously until November 14, 2001.

13. While employed by the defendant, the plaintiff worked as a mammography technologist in the Department of Radiology at the Melrose Wakefield Hospital, Melrose, Massachusetts, and she fully, adequately and completely performed all of her assigned job duties.

14. On July 23, 2001, while performing her job duties for the defendant, the plaintiff sustained injuries to her wrists, forearms, and elbows while attempting to catch a mammography

patient who fainted in the x-ray room. On September 17, 2001, while performing her job duties for the defendant, the plaintiff sustained injury to her left knee and further injury to her left wrist while catching a patient who fell in the x-ray room.

15.  On or about September 19, 2001, due to the physical limitations that her injuries were causing her, the plaintiff was sent home by the defendant to recuperate from her injuries with instructions that she return to work on September 24, 2001. At the time of her return on September 24, 2001, the plaintiff requested that she be placed on light duty status as recommended by her physician. The defendant agreed to assign her to light duty tasks.

16.  From September 24, 2001 through November 13, 2001, the plaintiff attempted to perform the light duty tasks that the defendant assigned to her. As certain of those tasks further aggravated her wrist and elbow problems, on November 13, 2001, the plaintiff's physician recommended a slight modification in her duties in order to accommodate her physical impairment.

17.  On November 14, 2001, the defendant responded to the plaintiff's physician's recommendations by placing the plaintiff on medical leave of absence, and despite assurances from the plaintiff's physician that the plaintiff was capable of performing the tasks of a mammography technician with only a slight accommodation to her physical impairment, on February 19, 2002, the defendant informed the plaintiff that it would not permit her to return to work, even though it had available openings in the plaintiff's job category, unless she was well enough to return on a full time basis with no physical restrictions.

## CLAIM OF DISCRIMINATION

18.  From July 23, 2001 and September 17, 2001, the dates that the plaintiff received her wrist, forearm and elbow injuries, through the present time, the plaintiff has been an individual

3

with a "disability" within the meaning of § 3(2) of the ADA, 42 U.S.C. § 12102(2). More particularly, the plaintiff has a physical impairment that substantially limits one or more of her major life activities, she has a record of such an impairment, and she is regarded by the defendant as having such an impairment.

19. The plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, the plaintiff is an individual with a disability who, with a reasonable accommodation suggested by her physician, can perform the essential functions of her job as a mammography technician for the defendant.

20. Despite the plaintiff's request, the defendant has refused to make reasonable accommodation to the plaintiff by adopting her physician's suggestions.

21. The defendant's failure to make reasonable accommodation to the plaintiff's physical disability constitutes discrimination against the plaintiff with respect to the terms, conditions, or privileges of employment. The defendant's actions constitute a violation of § 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

22. The defendant has failed to undertake any good faith efforts, in consultation with the plaintiff, to identify and make a reasonable accommodation with the plaintiff.

23. In failing to make reasonable accommodation to the plaintiff's physical disability, the defendant acted with malice or with reckless indifference to the federally protected rights of the plaintiff.

24. As a direct and proximate result of the defendant's discrimination on the basis of disability, the plaintiff has suffered lost wages and benefits and lost employment opportunities (promotions).

25. The defendant's failure to make reasonable accommodation to the plaintiff has caused, continues to cause, and will cause the plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## PRAYERS FOR RELIEF

**WHEREFORE**, the plaintiff requests judgment against the defendant as follows:

1. that it be determined and held that the plaintiff has suffered from the defendant's acts of discrimination on the basis of disability;

2. that it be ordered that the plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been reinstated to her position as a mammography technician as of November 14, 2001;

3. that it be ordered that the defendant reasonably accommodate the plaintiff by returning her to her position as a mammography technician with the slight accommodation to her physical impairment suggested by her physician;

4. that the plaintiff be awarded compensatory damages in an amount to be determined at trial of this matter;

5. that the plaintiff be awarded punitive damages in an amount to be determined at trial of this matter;

6. that the defendant be enjoined from any further prohibited discrimination against the plaintiff;

7. that the plaintiff be awarded her attorney's fees, including litigation expenses and the costs of this action; and

8. that the plaintiff be granted such other relief as may be just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                          The plaintiff, Deborah Wells,
                                          By her attorney,
                                          THE LAW OFFICES OF RICHARD H.
                                          PETTINGELL, P.C.

                                          */s/ Richard H. Pettingell*
                                          Richard H. Pettingell – BBO # 397320
                                          77 North Washington Street – Second Floor
                                          Boston, MA 02114
                                          (617) 778-0890

Dated: January 21, 2004