UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH WELLS,                )
                              )
        Plaintiff,            )
                              )
v.                            )   CASE NO. 04-CV-10164-MEL
                              )
HALLMARK HEALTH SYSTEM, INC.  )
                              )
        Defendant.            )
                              )

ANSWER

The Defendant, Hallmark Health System, Inc.,[1] ("Hallmark"), answers the correspondingly titled sections and numbered paragraphs of the complaint as follows:

Jurisdiction and Parties

1. Paragraph 1 is introductory and/or states conclusions of law to which no response is required. To the extent that a response is required, Hallmark denies the allegations of paragraph 1.

2. Hallmark is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and leaves the Plaintiff to her proof in this regard.

3. Hallmark is without knowledge or information

---

[1] Although the Plaintiff named "Hallmark Health Services Inc." as the Defendant, "Hallmark Health System, Inc." is the Plaintiff's employer and is therefore the appropriate Defendant.

sufficient to form a belief as to the truth of the allegations of paragraph 3 and leaves the Plaintiff to her proof in this regard.

4. Hallmark is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and leaves the Plaintiff to her proof in this regard.

5. Hallmark is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and leaves the Plaintiff to her proof in this regard.

6. Hallmark is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and leaves the Plaintiff to her proof in this regard.

7. Hallmark admits that all discriminatory employment practices alleged in the Complaint were purportedly committed within the Commonwealth of Massachusetts but denies that it engaged in any discriminatory employment practices.

8. Hallmark denies the allegations of paragraph 8. Further answering, Hallmark states that the proper Defendant in this case is Hallmark Health System, Inc., a nonprofit corporation with its principle place of business located at 100 Hospital Road, Malden, Massachusetts.

9. Paragraph 9 states conclusions of law to which no

response is required. To the extent that a response is required, Hallmark admits the allegations of paragraph 9.

10. Paragraph 10 states conclusions of law to which no response is required. To the extent that a response is required, Hallmark admits the allegations of paragraph 10.

11. Paragraph 11 states conclusions of law to which no response is required. To the extent that a response is required, Hallmark admits the allegations of paragraph 11.

### Statement of Facts

12. Hallmark admits the allegations of paragraph 12.

13. Hallmark denies the allegations of paragraph 13.

14. Hallmark is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and leaves the Plaintiff to her proof in this regard.

15. Hallmark admits the allegations of paragraph 15.

16. Hallmark denies the allegations of paragraph 16.

17. Hallmark denies the allegations of paragraph 17.

### Claim of Discrimination

18. Hallmark denies the allegations of paragraph 18.

19. Hallmark denies the allegations of paragraph 19.

20. Hallmark denies the allegations of paragraph 20.

21. Hallmark denies the allegations of paragraph 21.

22. Hallmark denies the allegations of paragraph 22.

23. Hallmark denies the allegations of paragraph 23.

24. Hallmark denies the allegations of paragraph 24.

25. Hallmark denies the allegations of paragraph 25.

### Prayers for Relief

Hallmark denies that the Plaintiff is entitled to any of the relief sought against it.

Unless expressly admitted, Hallmark denies each and every allegation contained in the Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs has failed to exhaust the grievance and arbitration procedures set forth in the applicable collective bargaining agreement.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped by her own conduct from asserting the claims contained in her Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has waived her right to assert the claims contained in her Complaint.

SIXTH AFFIRMATIVE DEFENSE

Having asserted that she is totally disabled from working for purposes of her separate personal injury and worker's compensation proceedings, the Plaintiff cannot show that she is a qualified person with a disability under the ADA.

SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Massachusetts' charitable immunity statute, M.G.L. c. 231, § 85K, the Plaintiff's claims are limited to $20,000.

EIGHTH AFFIRMATIVE DEFENSE

If the Plaintiff has suffered any damages as a result of Hallmark's conduct, which Hallmark vehemently denies, the Plaintiff has failed to mitigate her damages.

WHEREFORE, Hallmark requests that this Court dismiss the Complaint in its entirety and that it be awarded its costs and attorneys' fees.

Respectfully submitted,

HALLMARK HEALTH SYSTEM, INC.,

By its attorneys,

_____
Kay H. Hodge (BBO #236560)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02110
(617) 542-6789

**Certificate of Service**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail [redacted] on 4-1-04.

_____

Dated: April 1, 2004

5